UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| DERRELL NEVIL, | Case No. 1:17-cv-00094-DCN |
|---|---|
| Plaintiff, | |
| v. | **MEMORANDUM DECISION AND ORDER** |
| MURRAY YOUNG, RONA SIEGERT, and WARDEN YORDY. | |
| Defendants. | |

# I. INTRODUCTION

There are two motions currently pending before the Court. First, is Defendants Rona Siegert ("Siegert") and Warden Yordy's ("Yordy") Motion for Summary Judgment. Dkt. 61. Second is Defendant Murray Young's ("Young") Motion for Summary Judgment. Dkt. 62. Having reviewed the record and briefs, the Court finds that the facts and legal arguments are adequately presented. Accordingly, in the interest of avoiding further delay, and because the Court finds that the decisional process would not be significantly aided by oral argument, the Court will decide the Motions without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(2)(ii). For the reasons set forth below, the Court finds good cause to GRANT both Motions.

# II. BACKGROUND

Plaintiff Derrell Nevil ("Nevil") filed this case while he was a prisoner in the custody of the Idaho Department of Correction ("IDOC") and incarcerated at the Idaho State Correctional Institution ("ISCI"). He brought several claims against a multitude of

prison officials and private medical providers regarding their treatment of his broken jaw. Judge Edward J. Lodge granted Nevil in forma pauperis status and, after reviewing his Complaint, allowed Nevil to proceed on "(1) his Eighth Amendment, medical malpractice, and retaliation claims against Defendant Dr. Young, for damages and injunctive relief, and (2) his Eighth Amendment claim against Defendant Warden Yordy, for injunctive relief only." Dkt. 13, at 21.

Later, along with several other motions, Nevil filed an Amended Complaint. Judge Lodge also screened the Amended Complaint and held as follows:

> Like the initial Complaint, Plaintiff's Amended Complaint states a plausible Eighth Amendment claim for inadequate medical care, as well as a retaliation claim and a state-law medical malpractice claim, against Defendant Young. Additionally, the Amended Complaint also contains sufficient allegations for Plaintiff to proceed against Defendants Yordy and Siegert, both for injunctive relief and monetary damages, based on that medical care. Plaintiff has plausibly alleged that both of these Defendants were made aware of Plaintiff's ongoing medical treatment, and his dissatisfaction with that treatment, through the grievance process. At this early stage of the proceedings, this is sufficient to state plausible claims against these Defendants.

Dkt. 36, at 3.

On July 9, 2018, Defendants Siegert and Yordy filed their Motion for Summary Judgment. Dkt. 61. On July 16, 2018, Defendant Young filed his Motion for Summary Judgment. Dkt. 62. On July 30, 2018, Nevil filed a Motion for Extension of Time to respond to both motions for summary judgment. Dkt. 64. The Court subsequently granted Nevil's Motion, and extended his response deadline for both motions to January 14, 2019. That deadline has now passed without any response from Nevil.

## III. LEGAL STANDARD

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court's role at summary judgment is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Zetwick v. Cty. of Yolo*, 850 F.3d 436, 441 (9th Cir. 2017) (citation omitted). In considering a motion for summary judgment, the Court must "view[] the facts in the non-moving party's favor." *Id.* To defeat a motion for summary judgment, the respondent need only present evidence upon which "a reasonable juror drawing all inferences in favor of the respondent could return a verdict in [his or her] favor." *Id.* (citation omitted). Accordingly, the Court must enter summary judgment if a party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The respondent cannot simply rely on an unsworn affidavit or the pleadings to defeat a motion for summary judgment; rather the respondent must set forth the "specific facts," supported by evidence, with "reasonable particularity" that precludes summary judgment. *Far Out Prods., Inc. v. Oskar*, 247 F.3d 986, 997 (9th Cir. 2001).

## IV. DISCUSSION

In this case, the Court need not reach the merits of Defendants' collective arguments in favor of summary judgment, as procedural grounds exist for granting both Motions.

Defendants filed their respective motions on July 9 and July 16, 2018. On July 24, 2018, the Clerk of the Court sent Nevil its standard Notice to pro se litigants outlining what the Court required Nevil to do.[1] The Notice explained what a motion for summary judgment is, and how and when Nevil needed to respond to the motion. The Notice also included the following warning:

> **You are warned** that if you do not file your response opposing the motion within 21 days (or such other time period set by the Court), the Court will consider the facts provided by the moving party as undisputed and **may grant the motion** based on the record before it, or it **may dismiss your entire case for failure to prosecute** (abandonment of your case). *See* Local Rule 7.1(e)(2); Fed. R. Civ. P. 41(b).

Dkt. 63, at 2 (emphasis in original). To date, Nevil has not filed a response to either motion for summary judgment.

Idaho District Local Rule 7.1 outlines that:

> In motions brought under Federal Rule of Civil Procedure 56, if the non-moving party fails to timely file any response documents required to be filed, such failure shall not be deemed a consent to the granting of said motion by the Court. However, if a party *fails to properly support an assertion of fact or fails to properly address another party's assertion of fact* as required by Federal Rule of Civil Procedure 56(c) or Local Rule 7.1(b)(1) or (c)(2), the Court nonetheless *may consider the uncontested material facts as undisputed for purposes of consideration of the motion, and the Court may grant summary judgment* if the motion and supporting materials - including the facts considered undisputed - show that the moving party is entitled to the granting of the motion.

---

[1] In *Klingele v. Eikenberry*, 849 F.2d 409 (9th Cir.1988), the Ninth Circuit held that prisoners (and others) must receive fair notice of the requirements of Rule 56. In this Court—as in courts across the nation—this notice is a standard form sent to all pro se litigants (including prisoners) explaining Rule 56 and what they must do when a motion under Rule 56 has been filed.

Idaho Dist. Loc. R. 7.1(e)(2) (emphasis added). Accordingly, pursuant to this Court's Notice to Nevil, as well as Local Rule 7.1, Nevil's failure to timely respond to Defendants' Motions for Summary Judgment is deemed acquiescence to the facts alleged in their motions.[2] The Court, therefore, GRANTS both motions for summary judgment. Dkt. 61; Dkt. 62.

## V. ORDER

1. Defendants Siegert and Yordy's Motion for Summary Judgment (Dkt. 61) is **GRANTED**.

2. Defendant Young's Motion for Summary Judgment (Dkt. 62) is **GRANTED**.

3. The Court will enter a separate Judgment in accordance with Fed. R. Civ. P. 58.

DATED: March 29, 2019

David C. Nye
Chief U.S. District Court Judge

---

[2] It appears Nevil has failed to update his address with the Court, and the Court's notice informing him that his Motion for Extension of Time was granted has been returned on two occasions as "undelivered". Dkt. 73; Dkt. 74. Thus, the Court is unsure whether Nevil is aware he received such an extension. That said, there is no indication that Nevil did not receive the Clerk of the Court's standard Notice to pro se litigants outlining what the Court required him to do in response to Defendants' motions for summary judgment. Nevil was aware that he had a responsibility to respond to the motions, and the potential consequences of his failure to do so. The Court has allowed this case to linger on its docket for months while awaiting some sort of contact from Nevil, but that has not occurred. Under this Court's local rules, if any attorney or party (including pro se parties such as Nevil) change their address, they "must advise the Court and other counsel of record, in writing" of the change. *See* Idaho Loc. Dist. R. 83.6(d). Assuming Nevil has changed addresses, he has nonetheless failed to comply with this rule. The Court cannot allow this case to linger into perpetuity and finds that it is now time to move forward with Defendants' pending motions.